Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 7619 | **DATE** | 3/14/2002 |
| **CASE TITLE** | Federation of Advertising vs. City of Chicago | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth on the attached Memorandum Opinion and Order, the Court finds the FAIR is not a prevailing party within the meaning of 42 U.S.C. §1988 and therefore denies the plaintiff's motion for rehearing (148-1).

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | 3/19/02 | |
| | Notified counsel by telephone. | | date docketed | 163 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| OR6 | courtroom deputy's initials | 02 MAR 17 AM 11:34 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FEDERATION OF ADVERTISING INDUSTRY REPRESENTATIVES, INC., ) ) ) | |
| Plaintiff, ) ) | |
| v. ) | Case No. 97 C 7619 |
| ) | |
| CITY OF CHICAGO, ) ) | |
| Defendant. ) | |

DOCKETED
MAR 18 2002

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

The plaintiff, Federation of Advertising Industry Representatives, Inc., sued the City of Chicago for damages and a declaratory judgment that Title 17, section 5.17 of the City's Municipal Code, which sought substantially to prohibit cigarette and alcohol advertising in "publicly visible locations," was unconstitutional and unenforceable. Judge Shadur, to whom the case was originally assigned, found that the portion of the legislation relating to cigarette advertising was preempted by the Federal Cigarette Labeling and Advertising Act; he also found that the portion dealing with alcohol advertising could not be severed and that the entire ordinance therefore failed. *Federation of Advertising Industry Representatives, Inc. v. City of Chicago*, 12 F. Supp. 2d 844, 852, 853 (N.D. Ill. 1998). Accordingly, he entered summary judgment in FAIR's favor (significantly, he denied FAIR's claim for damages because FAIR provided no evidence to support it). *Id.* at 853-54. The City appealed, and the Seventh Circuit reversed on the preemption issue, affirmed on the severability issue, and remanded the case for further proceedings on the question of constitutionality. *Federation of Advertising Industry*

163

*Representatives, Inc. v. City of Chicago*, 189 F.3d 633, 640 (7th Cir. 1999). The Supreme Court denied FAIR's petition for a writ of certiorari, *Federation of Advertising Industry Representatives, Inc. v. City of Chicago*, 529 U.S. 1066 (2000), and the case proceeded back in this court, with FAIR amending its complaint and moving for summary judgment on the constitutionality question.

Shortly after FAIR filed its summary judgment motion, on June 28, 2001, the Supreme Court issued a decision in *Lorillard Tobacco Co. v. Reilly*, 533 U.S. 525, 121 S.Ct. 2404 (2001), another FCLAA preemption case involving a challenge to Massachusetts legislation governing outdoor cigarette advertising. Based on that decision, the City of Chicago repealed section 5.17 – the ordinance challenged in this case, though it had apparently never enforced it anyway. The City then moved to dismiss this case as moot. Because of the repeal, the Court agreed that the case was moot and therefore granted the motion. FAIR has now moved for rehearing, asking the Court to modify its dismissal order to find that FAIR is the prevailing party in this litigation and therefore entitled to its attorney's fees under 42 U.S.C. §1988.

In *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources, Inc.*, 532 U.S. 598 (2001), the Supreme Court considered the question of when a party "prevails" for purposes of being entitled to attorney's fees. The Court held that a "prevailing party" under fee shifting statutes similar to §1988 is one who obtains either a judgment on the merits or a court-ordered consent decree. *Id.* at 604. It held that the phrase does not include a party who fails to secure either of these but who "has nonetheless achieved the desired result because the lawsuit brought about a voluntary change in the defendant's conduct": "[a] defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff

2

sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change." *Id.* at 600, 605. As the Court advised the parties at the status hearing on August 1, 2001, *Buckhannon* would seem to preclude an award of attorney's fees in this case.

FAIR argues that *Buckhannon* does not apply for two reasons. First, FAIR argues that unlike the plaintiff in *Buckhannon*, it *did* obtain a judgment on the merits – namely, the summary judgment order Judge Shadur entered on preemption grounds, which disposed of the case in its entirety. FAIR argues that this judgment, when read in light of *Lorillard*, in which the Supreme Court reached the same conclusion as Judge Shadur on the preemption issue (albeit with respect to a different piece of legislation in a different case), constitutes the necessary "judicial *imprimatur*" to justify calling FAIR the prevailing party. There is one glaring problem with this argument: the Seventh Circuit reversed Judge Shadur's ruling, and the Supreme Court denied FAIR's petition for a writ of certiorari. Thus, as a practical matter, there was no judgment in FAIR's favor. That the Supreme Court outlined reasoning similar to Judge Shadur's to support its decision in a different, unrelated case does not revive his ruling in this case.

FAIR also argues that it is entitled to prevailing party status because the City's repeal of the challenged ordinance was not voluntary; rather, FAIR argues, the City repealed the ordinance because it knew the ordinance could not pass constitutional muster after *Lorillard*. Indeed, at the hearing on August 1, 2001, counsel for the City admitted that the City decided to repeal the ordinance because of *Lorillard*. But FAIR's theory, which essentially says that FAIR is entitled to recover fees because it filed this lawsuit, which resulted in Judge Shadur's opinion on preemption, the reasoning of which was adopted by the Supreme Court in *Lorillard*, which was the reason for the City's repeal, sounds perilously close to the "catalyst theory" that the Court in

3

*Buckhannon* flatly rejected as a permissible basis for an award of attorney's fees.[1]

FAIR relies on *Johnny's Icehouse, Inc. v. Amateur Hockey Association of Illinois*, No. 00 C 7363, 2001 WL 893840 (N.D. Ill. Aug. 7, 2001), to support its position that it should be awarded fees. In that case the plaintiff, Johnny's Icehouse, sought among other things a temporary restraining order preventing the AHAI from pursuing certain disciplinary proceedings against two individual players. The court held an evidentiary hearing, supplemented by pre- and post-hearing briefs, and then granted the TRO. In light of that ruling, AHAI agreed to discontinue the disciplinary proceedings permanently, and the court memorialized the parties' agreement in an order. Johnny's then sought attorney's fees, and AHAI objected, arguing that under *Buckhannon*, Johnny's was not a prevailing party because the court's order was neither a judgment on the merits nor a court-ordered consent decree. In rejecting AHAI's argument, the court noted that "*Buckhannon* pointed to enforceable judgments on the merits and court-ordered consent decrees as examples of material alterations of parties' legal relationships, but the Court did not hold that those are the only instances in which a party may be deemed to have prevailed." *Id.* at *3. The court then went on to hold that, under the facts of the case, Johnny's was "plainly a prevailing party under *Buckhannon*" because "the Order formalizing and memorializing AHAI's commitment legally altered the relationship between the parties" and because "the Order clearly bears the mark of judicial sanction." *Id.*

The Court agrees that the legal relationship of parties to a lawsuit may be altered even in

---

[1] Although *Buckhannon* rejected the catalyst theory as a basis for attorney's fees under the Fair Housing Amendments Act and the Americans with Disabilities Act, the "prevailing party" language in those statutes also appears in the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. §1988, the statute under which FAIR seeks fees; indeed, the Court explicitly lumped the latter in with the statutes at issue in the case. *See Buckhannon*, 532 U.S. at 602-03.

4

the absence of a judgment on the merits or a court-ordered consent decree, and that *Buckhannon* would not necessarily preclude a court from awarding fees in a case without either, as long as the necessary judicial sanction or *imprimatur* could be found. But this is not such a case. In *Johnny's Icehouse*, a *valid* order issued by the judge presiding *in that case* precipitated the defendant's change of heart and altered the parties' legal relationship; in contrast, FAIR hangs its hat on an overturned judgment issued by the judge presiding in this case and on a valid decision issued in a separate, unrelated case. Neither offers a palatable springboard for skirting Supreme Court precedent. We do not see anything in *Buckhannon* that would allow us to find that the facts of this case give rise to the kind of "judicially sanctioned change in the legal relationship of the parties" that is necessary to justify an award of attorney's fees.

We do not doubt that this outcome may seem unfair. It is beyond question that FAIR's lawsuit was a significant factor in the City's decision not to enforce the ordinance to begin with and ultimately to repeal it. The result of our ruling is that FAIR will walk away empty-handed, indeed worse than that, as it presumably has paid its attorneys for their work on the case. This unfortunate consequence, however, is dictated by *Buckhannon*, and it is therefore beyond this Court's power to remedy in this particular case. Those seeking to avoid similar results in the future may wish to consider pushing for speedy resolution so that the outcome can be determined by a court rather than by the opportunities that delay creates.

In addition to the arguments discussed above, FAIR argues that we should reconsider our November 6, 2001 ruling dismissing the case as moot. The case is actually not moot, FAIR argues, because the City has never given any kind of assurance against future violations of FAIR's First Amendment rights and because, indeed, the City has actually proposed a new

5

ordinance creating sign-free zones, which would obviously impact cigarette and alcohol advertising.[2] But, as FAIR concedes, the constitutionality of that ordinance is not before the Court. And the Court cannot afford relief based on an ordinance that may never be passed or constitutional violations that may never occur.

## Conclusion

For the reasons explained above, the Court finds that FAIR is not a prevailing party within the meaning of 42 U.S.C. §1988 and therefore denies the plaintiff's motion for rehearing [Docket # 148-1].


DATED: March 14, 2002

MATTHEW F. KENNELLY
United States District Judge

---

[2]This is essentially the same argument pressed by the Washington Legal Foundation, which submitted an amicus brief in support of FAIR's motion.